IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELSEY LOUX and STEVE L. LOUX<br> *Plaintiffs,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO: 4:19-cv-4781 |
| PH & H DEVELOPERS & CONSTRUCTION,<br>INC., and NATIONWIDE INSURANCE<br> *Defendants.* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Insurance Sales Company, LLC ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Kelsey and Steve L. Loux v. PH & H Developers & Construction, Inc. and Nationwide Insurance*; Cause No. 2019-78693; In the 113th Judicial District Court of Harris County, Texas. In support of this Notice of Removal, Nationwide respectfully shows the following:

## I.
## INTRODUCTION

1. This lawsuit arises out of the alleged faulty construction in 2016 of Plaintiffs Kelsey and Steve Loux's ("Plaintiffs") residential property in Houston, Texas, and a separate 2018 insurance claim for water intrusion damage to that property. Plaintiffs have misjoined their claims for faulty construction in 2016 against a non-diverse defendant, the builder of the property PH & H Developers & Construction, Inc. ("PH&H"), with their claims against Nationwide, a diverse defendant, for water intrusion discovered in 2018. Such claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The misjoinder of the claims against PH&H are sufficiently egregious to raise to the level of a

"fraudulent" misjoinder"[1] and thus do not defeat the complete diversity that exists between Nationwide and Plaintiffs. Nationwide therefore removes this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the properly joined parties.

# I.
# BACKGROUND

2. Plaintiffs initiated the present action by filing suit against PH&H and Nationwide in Cause No. 2019-78693; In the 113th Judicial District of Harris County, Texas on October 26, 2019 (the "State Court Action").[2]

3. PH&H appeared and answered on November 27, 2019, asserting a general denial, verified denials, and affirmative defenses to the claims and allegations made in Plaintiffs' Original Petition.[3] Nationwide appeared and answered on December 6, 2019, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[4]

4. Plaintiffs' Original Petition states that Plaintiffs purchased a residential property located at 1706 Unit A, Alamo St., Houston, Texas 77007 (the "Property").[5] Plaintiffs purchased the Property in April 2016 from PH&H, the developer and general contractor of the Property.[6] Plaintiffs allege that PH&H negligently constructed the stucco façade, flashing, and window sealants, which allowed water intrusion.[7] Plaintiffs discovered the water intrusion in October 2018,

---

[1] *Martinson v. Total Petrochems. & Ref. USA, Inc.*, No. H-14-555, 2014 U.S. Dist. LEXIS 70817, 2014 WL 2169970, at *2 (S.D. Tex. May 23, 2014) (Miller, J.) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000))
[2] *See* **Exhibit A**, Plaintiffs' Original Petition.
[3] *See* **Exhibit B**, Defendant PH&H's Original Answer.
[4] *See* **Exhibit C**, Defendant Nationwide's Original Answer.
[5] *See* **Exhibit A**, Plaintiffs' Original Petition at ¶ 13, 22.
[6] *Id*. at ¶ 22.
[7] *Id*. at ¶ 26-27,

and reported a claim for water intrusion damage to Nationwide.[8] Plaintiffs dispute the claim decision issued by Nationwide.[9]

5. Complete diversity exists between Plaintiffs and Nationwide. PH&H is the only non-diverse defendant. Because the claims asserted against PH&H do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against Nationwide, and because the misjoinder of those claims are sufficiently egregious to rise to the level of a fraudulent misjoinder, complete diversity exists between Nationwide and Plaintiffs.

6. This Notice of Removal is filed within 30 days of service of Plaintiffs' Original Petition on Nationwide. This Notice of Removal is therefore timely under 28 USC § 1446.

7. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 113th Judicial District Court of Harris County, Texas.

9. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

---

[8] *Id*. at ¶ 24, 43.
[9] Id. at ¶ 45-46.

citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## A. Diversity of Parties and Fraudulent Misjoinder

11. Plaintiffs are domiciled in Harris County, Texas.[10] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are a citizen of the State of Texas.

12. Defendant Nationwide Insurance Sales Company, LLC, an Ohio limited liability company, was dissolved on December 31, 2005.[11] None of its managers or members were citizens of Texas. Accordingly, Nationwide Insurance Sales Company, LLC is not a citizen of the State of Texas for purposes of diversity analysis.

13. PH&H is a Texas corporation and a citizen of the state of Texas.[12] However, PH&H's citizenship should be disregarded for the purpose of determining diversity jurisdiction as set forth below. Complete diversity exists between the properly joined parties.

14. Although the Fifth Circuit has never expressly adopted the *Tapscott* theory of fraudulent misjoinder, it has "strongly indicated that it would do so in an appropriate case."[13] Under the doctrine of fraudulent misjoinder, when a plaintiff has misjoined a nondiverse defendant in an effort to avoid federal jurisdiction, diversity jurisdiction can nonetheless exist for the claims against the diverse defendants.[14] When a party's attempt to join claims against diverse defendants with nondiverse defendants is "so egregious as to constitute fraudulent

---

[10] See **Exhibit A**, Plaintiffs' Original Petition, ¶ 1-2.
[11] *See* **Exhibit D,** Certificate of Dissolution of Limited Liability Company.
[12] See **Exhibit A**, Plaintiffs' Original Petition, p. 1.
[13] *Tex. Instruments, Inc. v. Citigroup Global Mkts. Inc.*, 266 F.R.D. 143, 147 (N.D.Tex.2010) (Fish, J.), citing *Crockett v. R.J. Reynolds Tobacco Company*, 436 F.3d 529, 532–33 (5th Cir.), cert. denied, 548 U.S. 907, 126 S.Ct. 2945, 165 L.Ed.2d 956 (2006); *In re Benjamin Moore & Company*, 318 F.3d 626, 630–31 (5th Cir.2002); *In re Benjamin Moore & Company*, 309 F.3d 296, 298 (5th Cir.2002); *Palermo v. Letourneau Technologies, Inc.*, 542 F.Supp.2d 499, 515 (S.D.Miss.2008) (Bramlette, J.) ("[M]ost district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, *Tapscott*.")
[14] *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996).

joinder" of the causes of action, the case may be removable despite the misjoinder of the nondiverse defendants.[15] Misjoinder under such circumstances may be just as fraudulent as the improper joinder of a resident defendant against whom a plaintiff has no possibility of recovery.[16] When a party's attempt to join claims against diverse defendants with non-diverse defendants is "so egregious as to constitute fraudulent joinder" of the causes of action, the case may be removable despite the misjoinder of the nondiverse defendants.[17] When claims against the diverse defendant(s) are found to have been improperly joined with those against nondiverse defendant(s), the court may sever the diverse claims and remand them to state court while retaining jurisdiction over the claims against the diverse defendants.[18]

15.  Plaintiffs' claims against Nationwide are factually and legally unrelated to the claims against PH&H. Plaintiffs' claims against Nationwide center on a claim for water intrusion damage discovered in 2018 and the coverages afforded under the Policy. Plaintiffs' claims against PH&H concern allegations of negligent construction in or before 2016 and fraudulent statements allegedly made conserving the construction in April 2016. Plaintiff has fraudulently misjoined the claims against PH&H with the claims against Nationwide. As such, the citizenship of PH&H may be disregarded, and complete diversity of citizenship exists between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

B.  **Amount in Controversy**

---

[15] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

[16] *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

[17] *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

[18] *Palermo v. Letourneau Techs., Inc*., 542 F. Supp. 2d 499, 525 (S.D. Miss. 2008).

Plaintiffs' Original Petition states that Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.[19] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

## III.
## CONCLUSION

16.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17.  WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page.)*

---

[19] *See* **Exhibit A,** Plaintiffs' Original Petition, p. 2.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
Southern District No. 3444665
jjones@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

     This is to certify that a true and correct copy of the foregoing instrument has been served via CMRRR this the 9th day of December, 2019 to:

| | |
|---|---|
| Craig Welscher<br>Sholeh Abedinzadeh<br>The Welscher Martinez Law Firm<br>1111 North Loop West, Suite 702<br>Houston, Texas 77008<br>sabedinzadeh@twmlawfirm.com | *#9414 7266 9904 2137 9612 59* |
| John M. Cox<br>Jack A. Walters, III<br>John M. Cox & Associates, P.C.<br>325 N. St. Paul St., Ste. 2350<br>Dallas, Texas 75201<br>jmc@coxtriallaw.com<br>atty@coxtriallaw.com | *#9414 7266 9904 2137 9612 66* |

                                                      */s/ Patrick M. Kemp*
                                                      Patrick M. Kemp